# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

## DOMESTIC VIOLENCE FINAL ORDER OF PROTECTION

2/4/13

2/4/13

| | |
|---|---|
| Case Number: 650-2013-DV-00016 | PNO Number: 6501310016 |
| Court: 4th Circuit - Family Division - Laconia | |
| Court ORI: NH001061J | |
| County: Belknap | |
| Address: 26 Academy Street Laconia NH 03246 | |

### PLAINTIFF
| First | Middle | Last |
|---|---|---|
| Hillary | | May |

### PLAINTIFF IDENTIFIERS
| Date of Birth | Sex | Race |
|---|---|---|
| 01/22/1978 | Female | White |

**V.**

### DEFENDANT'S NAME
| First | Middle | Last |
|---|---|---|
| Randall | | Collier |

**DEFENDANT'S ADDRESS:**
89 River Road
Alstead, NH 03602

**RELATIONSHIP to PLAINTIFF**
- [ ] Married
- [ ] Divorced
- [ ] Separated
- [x] Cohabit / cohabited
- [x] Child in common
- [ ] Household member
- [ ] Other _____

### DEFENDANT IDENTIFIERS
| | | | |
|---|---|---|---|
| DOB | 06/14/1975 | HEIGHT | 5 Ft. 10 In. |
| SEX | Male | WEIGHT | 170 Lbs. |
| RACE | White | EYES | Blue |
| State/Birth | New Hampshire | HAIR | Blond or Strawberry |
| ETHNICITY | Non Hispanic | | |

### DISTINGUISHING FEATURES:
| | |
|---|---|
| SKIN TONE | Caucasian |
| SCARS, MARKS, TATTOOS: Location and description | Small scar on chin |

**CAUTION**
- [ ] Weapon involved
- [x] Weapon is ordered to be relinquished pursuant to New Hampshire state law RSA 173-B.

**LICENSE INFO:**
**VEHICLE INFO:** YEAR / MAKE / MODEL

| DRIVER'S LICENSE # | |
|---|---|
| STATE | EXP DATE |
| | STYLE |
| | COLOR |
| | VIN # |

**WARNING:** The attached order shall be enforced, even without registration, by the courts of any state, the District of Columbia, and any U.S. Territory, and may be enforced on Tribal Lands (18 U.S.C. section 2265). Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. section 2262). Federal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (18 U.S.C. Section 922(g)(8)).

**The court has found as evidenced by this order:**
That it has jurisdiction over the parties and subject matter, and the defendant has been provided with actual notice and opportunity to be heard.

**This Order of Protection is in effect from** 02/04/13 **to** 02/03/14 **for the plaintiff above.**

- [x] The above named defendant is restrained from committing further acts of abuse or threats of abuse.
- [x] The above named defendant shall not have any contact with the plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the court. The defendant is prohibited from coming within 100 feet / [x] yards of the plaintiff.

Case Name: <u>In the Matter of Hillary May v. Randall Collier</u>

Case Number: <u>650-2013-DV-00016</u>                                    PNO: <u>6501310016</u>

<u>**DOMESTIC VIOLENCE FINAL ORDER**</u>

The court, having jurisdiction over the parties and subject matter under New Hampshire RSA 173-B (Protection of Persons from Domestic Violence), having considered the plaintiff's Domestic Violence Petition and having conducted a hearing on <u>02/01/13</u>, of which the defendant received actual notice, and ☒ was / ☐ was not present, hereby finds that:

☐ The plaintiff has NOT been abused: CASE DISMISSED.

☐ The plaintiff failed to appear: CASE DISMISSED. The defendant: ☐ appeared ☐ failed to appear

☒ The plaintiff has been abused as defined in RSA 173-B and the defendant's conduct constitutes a credible present threat to the plaintiff's safety. The court hereby orders that the defendant shall relinquish to a peace officer all firearms and ammunition in his/her control, ownership or possession, or in the possession of any other person holding them on behalf of the defendant and the defendant is prohibited from purchasing or possessing any firearms or ammunition during the pendency of this order.

**PROTECTIVE ORDERS:**

1. ☒ The defendant shall not abuse the plaintiff.

2. ☒ The defendant shall not have any contact with the plaintiff, whether in person or through third persons, including but not limited to contact by telephone, letters, fax, e-mail, the sending or delivery of gifts or any other method unless specifically authorized by the court. The defendant is prohibited from coming within <u>100</u> ☐ feet ☒ yards of the plaintiff. *except as permitted in the Parenting case.*

3. ☒ The plaintiff shall have exclusive use and possession of the parties' residence unless paragraph 10 is checked.

4. ☒ The defendant shall not enter the premises and curtilage where the plaintiff resides:
   ☒ except when the defendant is accompanied by a peace officer and, upon reasonable notice to the plaintiff, is allowed entry by the plaintiff for the sole purpose of retrieving toiletries, medication, clothing, business equipment, and any other items ~~as determined by the court~~:
   _____

5. ☒ The defendant shall not contact the plaintiff at or enter upon plaintiff's place of employment or school, or as further specified herein: <u>ANYWHERE</u>
   _____

6. ☒ The defendant is restrained from abusing plaintiff's household members, or plaintiff's relatives (regardless of their place of residence), or engaging in any other conduct which would place the plaintiff in reasonable fear of bodily injury to the plaintiff or the plaintiff's household members or relatives.

7. ☒ The defendant shall not use, attempt to use or threaten to use physical force against the plaintiff or the parties' child(ren) which would reasonably be expected to cause bodily injury.

8. ☒ The defendant shall not take, convert or damage any property in which the plaintiff has a legal or an equitable interest.

9. ☒ The defendant shall also relinquish all deadly weapons as defined in RSA 625:11,V which may have been used, intended to be used, threatened to be used, or could be used incident to the abuse. The weapons may include the following _____

**FURTHER ORDERS:**

10. ☐ The court finds that the defendant exclusively owns or leases and pays for the premises located at _____ and that the defendant has no legal duty to support the plaintiff or minor children. Therefore, the defendant shall have exclusive access, use and possession of the premises (including household furniture and furnishings). However, the plaintiff may enter in and on said premises with a peace officer for the sole purpose of removing the plaintiff's personal possessions.

Case Name: **In the Matter of Hillary May v. Randall Collier**
Case Number: **650-2013-DV-00016**          PNO: **6501310016**
**DOMESTIC VIOLENCE FINAL ORDER**

11. ☒ The plaintiff is awarded custody of the minor child(ren).

12. ☒ Visitation of children:
    ☐ See attached visitation order.
    ☐ No visitation pending further hearing.
    ☐ Unsupervised.
    ☐ Supervised by _____
    ☐ Days and times: _____
    _____
    ☐ Pick up/Drop off at: _____
    ~~Restrictions:~~ _____
    ☒ _Only as allowed in the Parenting Case._
    _____

★ 13. ☐ _see below_ The defendant shall pay child support to the plaintiff. (See Uniform Support Order (USO) attached.)

14. ☐ The plaintiff shall have use of the following vehicle:
    Make _____  Model _____  Year _____

15. ☐ The defendant shall have use of the following vehicle:
    Make _____  Model _____  Year _____

16. ☐ The defendant shall pay to the plaintiff the amount of $ ____ for losses suffered as a direct result of the abuse, and $ ____ for attorney's fees.

17. ☒ The defendant is directed to attend: ☐ a batterer's intervention program and/or ☒ personal counseling for a period of _12_ months/~~year~~ _@ a minimum_,
    The defendant shall provide proof of attendance to the court at monthly intervals.

18. ☐ The defendant shall relinquish all concealed weapons permits and hunting licenses.

★ 19. ☒ Other _No child support is ordered @ this time as the Respondent is alleged to be disabled. The Court has no information as to his attempts to seek SSI._

**THESE ORDERS ARE EFFECTIVE IMMEDIATELY AND REMAIN IN EFFECT FOR ONE YEAR. THE ORDERS MAY BE EXTENDED BY ORDER OF THE COURT UPON MOTION BY THE PLAINTIFF, SHOWING GOOD CAUSE, WITH NOTICE TO THE DEFENDANT. BOTH PARTIES SHALL ENSURE THAT THE COURT HAS A CURRENT ADDRESS DURING THE PENDENCY OF THESE ORDERS.**

**ANY WILLFUL VIOLATION OF THE PROTECTIVE PROVISIONS OF THESE ORDERS IS A CRIME AS WELL AS CONTEMPT OF COURT. VIOLATIONS SHALL RESULT IN ARREST AND MAY RESULT IN IMPRISONMENT.**

Case Name: **In the Matter of Hillary May v. Randall Collier**

Case Number: **650-2013-DV-00016**          PNO: **6501310016**

**DOMESTIC VIOLENCE FINAL ORDER**

> NOTICE: SECTIONS I AND II BELOW MUST BE FULLY COMPLETED BY THE COURT, INCLUDING A NARRATIVE DETAILING THE FACTS RELIED UPON TO MAKE FINDINGS OF ABUSE AND CREDIBLE THREAT.

## FINDINGS OF FACT FOR DOMESTIC VIOLENCE FINAL ORDER

According to RSA 173-B:1, I, "Abuse" means the commission or attempted commission of one or more of the following acts by a family or household member or current or former sexual or intimate partner and where such conduct is determined to constitute a credible present threat to the plaintiff's safety.

Also according to RSA 173-B:1, I, "Family or household member" means: spouses, ex-spouses, persons cohabiting with each other, and persons who cohabited with each other but no longer share the same residence.

I.  **ABUSE**: The court finds that the DEFENDANT committed the following acts of Domestic Violence pursuant to RSA 173-B:
- [ ] (a) Assault or reckless conduct as defined by RSA 631:1 through RSA 631:3.
- [x] (b) Criminal threatening as defined in RSA 631:4.
- [ ] (c) Sexual assault as defined in RSA 632-A:2 through RSA 632-A:5.
- [ ] (d) Interference with freedom as defined in RSA 633:1 through RSA 633:3-a.
- [ ] (e) Destruction of property as defined in RSA 634:1 and RSA 634:2.
- [ ] (f) Unauthorized entry as defined in RSA 635:1 and RSA 635:2.
- [x] (g) Harassment as defined in RSA 644:4; this includes as part of its definition, reference to interference with custody and kidnapping of a child as described in RSA 633:4.

Specifically, the DEFENDANT committed said abuse when [s]he _see order of 02/04/13_

II. **CREDIBLE THREAT**: The court also finds that the DEFENDANT'S conduct constitutes a present credible threat to the PLAINTIFF'S safety. Specifically, the conduct constitutes a credible present threat to the PLAINTIFF'S safety because _see order of 02/04/13_

_____          _____
Date                              Signature of Judge / Marital Master Recommendation

                                  _____
                                  Print / Type Name of Marital Master

**So Ordered:**
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

_02/04/13_                        _[signature]_
Date                              Signature of Judge ~~Approving Marital Master's Recommendation~~

_1-855-212-1234_                  _JCARROL_
Telephone Number of Court         Print / Type Name of Judge

NHJB-2001-DFS (07/01/2011)

BELKNAP, SS.                          4TH CIRCUIT COURT-DISTRICT DIVISION
                                                  LACONIA

                                      HILLARY MAY

                                             V.

                                      RANDALL COLLIER

                                      DOCKET #2013-DV-00016

                                             ORDER

*[handwritten annotations in margins: "2/4/13", "hearing 2/1/13", "Feb 1, 2013 - Final hearing in AvP. 1:15 pm", "3/18/13 Status hearing 3:30 pm", "Ellen Vincent", "Marie both heard at same time.", "Garner heard case Carroll signed off"]*

       A Domestic Violence Temporary Restraining Order was issued by the Court on January 24, 2013. The parties are involved in a concurrent Parenting litigation with this Court. The Petitioner appeared for the Final Hearing with counsel and the Respondent appeared pro se.

       The Petitioner had previously filed for protection on December 13, 2013. At the time of the previous petition, the Petitioner agreed to withdraw her petition with the Respondent agreeing not to contact the Petitioner. The Respondent was served with a 'no contact' letter from her attorney. The Respondent, nearly immediately, failed to abide by the mutual agreement.

       The Petitioner and the Respondent have been involved in a relationship for the past three years. The parties have one child- Trey- who is 20 months. The child has been treated for a heart ailment. The parties cohabit at 30 Durkee Street, Laconia, a duplex residence which is owned by the Petitioner. The Petitioner is an elementary school teacher at a private school in Sanbornton. The Respondent is unemployed because of an undifferentiated back problem which kept him standing for much of the Final Hearing.

       The Petitioner testified to the Respondent texting her with intent to intimidate, to control, and to interfere with the Petitioner's ability to maintain her responsibilities of teaching. The Petitioner cited the Respondent's care, control, and training of their dog- a breed used for guarding. The Petitioner testified that the training of the dog is abusive in the use of physical force to teach the dog. The Petitioner fears that the Respondent will use those kinds of training tools against their son as he gets older.

       The Petitioner testified that the Respondent has become disassociated with reality as he has expressed grave obsession with survivalist paranoia. The Petitioner has indicated that the Respondent has expressed great anxiety with the political discussion regarding the regulation of fire arms. The Petitioner testified about the Respondent's reaction and interaction with neighbors and relatives. The Petitioner introduced an email from the

9

Respondent in which he described an interaction with a 'juvie' who unwittingly had possession of a firearm or pellet weapon and placed it in the direction of the Respondent. Upon cross examination on the document, the Respondent lamented his lack of a firearm in order to save his life. There was no indication that the actions of the 'juvie' were threatening or intentional. The Respondent noted his need for his firearm in order to thwart these kinds of actions. The Petitioner further testified to being threatened by the Respondent.

The Petitioner submitted a physician's wellness examination of Trey which shows that the boy is doing fine.

The Respondent did not address directly the number of texting messages to Ms. May. He did address the copious texts to the Petitioner's counsel's paralegal as reasonable in light of the Court's order permitting such contact. However, the messages are confused, conflicting, and paranoid. The Respondent claims Trey's heart condition is being imperiled by Ms. May's care of the child and because of his inability to care for the child. There was no direct evidence for those suppositions.

The Respondent uses the child's heart condition to justify all of his concerns addressed above. The Respondent is very concerned about his inability to possess a firearm. The Respondent is intent in justifying all of his actions. He recognizes none of the concerns of the Petitioner. He further suggests that the withdrawal of the first Petition for Protection was done "as the Petitioner and attorney had lied".

The Court noted and cautioned the Respondent's attempted 'stare down' of the Petitioner's counsel as the counsel was at the podium and the Respondent stood within inches of counsel.

The Court finds that the Respondent's ongoing pattern of behavior reasonably has caused the Petitioner to fear for her safety and her wellbeing as well as the child's and creates a present credible threat to the Petitioner's safety. The Respondent's acts satisfy the elements of Harassment as defined by RSA 644:4 and Criminal Threatening as defined in RSA 631:4.

Date: February 4, 2013

Judge James M. Carroll