UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

RANDALL COLLIER

    v.                                                   Case No. 25-cv-036-SE-TSM

NEW HAMPSHIRE CIRCUIT
COURT FAMILY DIVISION, ET AL.

## REPORT AND RECOMMENDATION

Petitioner Randall Collier initiated this action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1). The Petition is before the Court for preliminary review, to determine whether Mr. Collier's petition is facially valid and may proceed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules") and LR 4.3(d)(4). See also § 2254 Rule 1(b) (§ 2254 Rules apply to § 2241 cases). Mr. Collier also filed "A Demand for Immediate Habeas Hearing: Judicial Review of Unlawful Orders" (Doc. No. 3) and "Motion for Federal Clerk to Enter Default Judgement in Favor of Randall S. Collier" (Doc. No. 4).

### BACKGROUND

In his § 2241 Petition, Mr. Collier claims that his rights under the New Hampshire and United States Constitutions were violated in 2012 and 2013, in connection with proceedings in a New Hampshire Family Court ("Family Court"), when that Court issued a domestic violence protective order against him, and denied him custody of his child, T.C. Mr. Collier further complains that in 2022, he was arrested pursuant to unconstitutionally issued arrest warrants in New Hampshire and North Carolina, concerning contempt proceedings in the Family Court. Mr. Collier contends that his arrest pursuant to those warrants violated his Fourth Amendment right not to be arrested without probable cause. As relief in this case, Mr. Collier asks the Court to

immediately restore his rights under the United States Constitution, and return T.C. to Mr. Collier's custody.

## PRELIMINARY REVIEW STANDARD

A judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes Mr. Collier's filings liberally, in light of his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## DISCUSSION

### I.     Availability of Habeas Corpus Relief - "In Custody" Requirement

Mr. Collier characterized this action as arising in habeas corpus under § 2241.[1] A federal district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). The "in custody" requirement of the federal habeas statute is jurisdictional. See Maleng, 490 U.S. at 490. A petitioner's custody is determined as of the date the habeas petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002).

Restraints short of incarceration may satisfy § 2241(c)(1)'s "in custody" requirement where an applicant is subject to significant restraint on his or her liberty that is "not shared by the public

---

[1] Mr. Collier complains in his "Motion for Federal Clerk to Enter Default Judgement in Favor of Randall S. Collier" (Doc. No. 4) that this case "was entered as a civil rights case instead of what the heading of the document said it was." Doc. No. 4, at 1. The Court notes that Mr. Collier's initial filing (Doc. No. 1) was docketed as a 28 U.S.C. § 2241 habeas petition, and the Court's docket reflects that this is a habeas action.

generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963). To the extent Mr. Collier seeks to demonstrate that he is in custody, it appears he is attempting to meet the § 2241(c)(1) custody requirement by alleging that he was subject to a protective order, or an order limiting his custody of his child.

> [T]his Court lacks jurisdiction over Plaintiff's habeas claim because he was never a prisoner and never in custody. That is a fundamental prerequisite for a habeas corpus petition. Federal courts may grant habeas relief under 28 U.S.C. §[] 2241(c)(3) . . . only if the petitioner is "in custody" in violation of the Constitution or laws or treaties of the United States. "The term 'custody' refers to individuals who, as a result of a criminal conviction, are subject to 'substantial restraints not shared by the public generally.'" There is no evidence that [Petitioner] was ever imprisoned. To the contrary, [Petitioner] attempts to challenging the legality of a domestic protective order, which is a civil, . . . state law matter. For that reason alone, [Petitioner]'s case should be dismissed. "The requirement that an individual be in custody to be afforded habeas relief is jurisdictional." This Court does not have jurisdiction to hear such a case.

Pool v. 280th Dist. Ct. Harris Cty., No. 6:23-CV-00447-ADA-DTG, 2024 U.S. Dist. LEXIS 104260, at *3-*4, 2024 WL 3039715, at *1 (W.D. Tex. June 12, 2024) (emphasis in original) (internal citations and footnotes omitted), R&R adopted, 2024 U.S. Dist. LEXIS 106864, at *2, 2024 WL 3039665, at *1 (W.D. Tex. June 17, 2024); see also McCreary v. Birkett, No. 2:06-CV-11195, 2006 U.S. Dist. LEXIS 84468, at *12, 2006 WL 3257223, at *4 (E.D. Mich. Nov. 9, 2006) (denying § 2241 petition challenging validity of a personal protective order for lack of subject matter jurisdiction). Additionally, "[t]he Supreme Court has held that federal habeas corpus jurisdiction may not be invoked to consider collateral challenges to paternal rights or child custody." Brown v. Johnston, Case No. 22-cv-670-DWD, 2022 U.S. Dist. LEXIS 70157, at *5, 2022 WL 1129327, at *2 (S.D. Ill. Apr. 15, 2022) (citing Lehman v. Lycoming Cty. Child.'s Servs. Agency, 458 U.S. 502, 511-12 (1982)); see also Pool, 2024 U.S. Dist. LEXIS 104260, at *3 n.2, 2024 WL 3039715, at *1 n.2 ("To the extent Plaintiff is arguing that a writ of habeas corpus can

3

be issued for a custody dispute, . . . this Court wholly lacks jurisdiction for such an action."); Watson v. Coakley, No. CIV.A. 11-11697-DJC, 2011 U.S. Dist. LEXIS 138869, at *3-*5, 2011 WL 6046529, at *1 (D. Mass. Dec. 2, 2011) (collecting cases).

Mr. Collier has not demonstrated that he is in custody as required by § 2241(c)(1). The address Mr. Collier provided to the Court as his current address is not a correctional facility.[2] Nothing in the record before this Court suggests that Mr. Collier is incarcerated, or that his movement or liberties are significantly restrained, and Mr. Collier has not alleged, much less demonstrated, that at the time he filed this case, he was incarcerated or otherwise in actual physical custody. And, he has not shown that he is subject to any other restraint on his liberty sufficient to satisfy the "in custody" requirement for habeas relief.

Accordingly, the Court finds that Mr. Collier cannot satisfy the "in custody" requirement of a § 2241 action. This Court, therefore, lacks jurisdiction to hear this case, and the District Judge should dismiss Mr. Collier's Petition (Doc. No. 1) and deny his motion for a habeas hearing (Doc. No. 3) and motion for a default judgment (Doc. No. 4).[3]

## CONCLUSION

For the foregoing reasons, the District Judge should deny Mr. Collier's § 2241 Petition (Doc. No. 1), for lack of jurisdiction, and deny the pending motions (Doc. Nos. 3, 4). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this

---

[2] Mr. Collier provided the Court with an address in Surry, New Hampshire, which is in Cheshire County. The only correctional facility in Cheshire County, the Cheshire County Department of Corrections is located in Keene, New Hampshire.

[3] Because this Court recommends dismissal of this action, it declines to address Mr. Collier's motions on their merits. If the District Judge does not approve this Report and Recommendation, Mr. Collier may refile or renew those motions.

Report and Recommendation.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

March 24, 2025

cc:   Randall Collier, pro se