# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE
# 25 CV 36 SE TSM

April 10th, 2025

Randall S. Collier

Vs

NH Circuit Court Family DIvision et al

## Motion for Emergency Judicial Notice:

NH 4th Circuit Court Family Division extended the protective order another 5 years. This Court Order was dated April 02. 2025, citing Jurisdiction through NH RSA 173b. This is now in place until 2030, making my son T.C. 19 years of age. I get 6 hours in 19 years with my son, without meeting any burden of proof, without ever having a hearing in a competent court, no Due Process, No jury of one's peers. No probable cause of a crime. 17 years protective order is now in place. **This effectively terminated my Parental RIghts.**

**New York State's standard of fair preponderance of the evidence for the termination of parental rights violates the due process clause of the Fourteenth Amendment due to the standard being too low for such a severe action. Before revoking parental rights, the State must satisfy a burden of at least clear and convincing evidence. Holding of the lower court reversed.**

Ms. May's false allegations of Drug Abuse and Violent Tendencies for the emergency order of protection were unfounded. This hearing was based on this Emergency Order. In 12 years there has been no history in the records. This is Aggravated Perjury, Parental Alienation, and Child Abuse. No referral for Ms. May was noted in the order to be NH Superior Court for Aggravated Perjury.

This tribunal is extending the protective order on perjured testimony and unconstitutional NH RSA 173b. "RSA Chapter 173b provides the Circuit Court Jurisdiction to issue and extend protective orders". Defendant Randall Collier appeared in person, representing himself. The hearing preceded by sworn offers of proof". "Preliminary the defendants motion to dismiss for lack of jurisdiction, raised during the hearing is denied". Ms.Mays's offer of proof of "Threatening or intimidating emails and messages".

**Title 5 US Code sec. 556(d), sec.557, sec.706 Courts lose Jurisdiction if they do not follow Due Process of Law.**

NH RSA 461-A:6 Determination of Parental Rights and Responsibilities; Best Interest. –
Any evidence of abuse, as defined in RSA 173-B:1, I or RSA 169-C:3, II, and the impact of the abuse on the child and on the relationship between the child and the abusing parent.

NH RSA 173b is in contrast with: NH Criminal law is only Title 62 (Sections 625-651 only, not 173b) and in US Codes only Title 18;
d) So these "Family Courts" are not legitimate to begin with, and may only aid people in resolving disputes between them if they are both willing to VOLUNTARILY submit to the courts orders, but these "Family Courts" are not "Criminal Courts of Law" and therefore cannot "lawfully" force any orders upon anyone against their will (like "protective orders" which must come from a "criminal court" according to "due process of law" like "probable cause", "trial by jury", and "proof beyond any reasonable doubt");

Only Criminal Courts can have a Preponderance of Evidence.
https://www.youtube.com/live/yT0oP8faRro?si=NJwXc5thH4xD0Mb_
There was no objection in the order to prove otherwise. Judicial case law was ignored.
I detailed not being able to meet the criteria for the criminal statutes used in civil litigation. None of this was listed in the order. Ignoring my question if Tarbell and Brodich/ Moeckel registered as Foreign Agents prior to bringing a state case against me. Ignoring the question of the Compelling State Interest, because it is necessary and essential rather than discretion. The statute of limitations for unconstitutional criminal statutes protective orders in civil litigation.? None of this is mentioned in the order. Furthermore, during debate whether this was a constitutional court or not, Lombardi admitted it was a statutory court.

Misapplied NH Criminal Statutes through Civil Litigation. The Unconstitutional 4th Circuit Court initiated Criminal Statutes without evidence in a non criminal court. These Orders are void ab initio 2/4/13. I never met the initial elements of NH RSA 633.4 as Required in NH Harassment RSA 644.4. See order on 1/27/13 "there were no findings of trying to take T.C. away from Ms. May or into the woods". I can not meet the elements of Criminal Harassment for "texting at all hours of the night" without the text messages being submitted as evidence for review. How does one meet elements of criminal statutes without the actual evidence?

"A duty to give decisions which are advisory only, and so without force as judicial judgments, may be laid on a legislative court, but not on a constitutional court established under Art. III.""
Williams v. United States 289 U.S. 553 (1933),
https://supreme.justia.com/cases/federal/us/289/553/

For the purposes of review, it has been said that clear violations of laws on reaching the result, such as acting without evidence when evidence is required, or making a decision contrary to all the evidence, are just as much jurisdictional errors as is the failure to take proper steps to acquire jurisdiction at the beginning of the proceeding. Borgnis v. Falk Co., 133 N.W.209.
https://case-law.vlex.com/vid/borgnis-v-falk-co-895259199

This tribunal denied 4 Motions for discovery of evidence.
"The essential elements of due process are notice and opportunity to defend" ones self.
US.Supreme Ct., Simon v. Craft, 182 U.S. 427 (1901),
https://supreme.justia.com/cases/federal/us/118/425/;

"It is only when failure to observe this safeguard amounts to denial of due process, that the court is deprived of jurisdiction."; Merritt v. Hunter, C.A. Kansas 170 F2d 739,
https://law.justia.com/cases/federal/appellate-courts/F2/170/739/1567905/
See NH rule 2.2 Rules of Evidence do not apply.

"No sanction can be imposed absent proof of jurisdiction". Standard v. Olesen, 74 S.Ct.768. https://casetext.com/case/olesen-v-stanard

Without jurisdiction, the acts or judgments of the court are void and open to collateral attack. McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409.
https://casetext.com/case/mclean-v-jephson

Reno v. Flores, 507 U. S. 292, 304. (1993)
There is normally no reason or compelling interest for the State to inject itself into the private realm of the family to further question a parents' ability to make the best decisions regarding their children.
https://supreme.justia.com/cases/federal/us/507/292/ ;

Elrod v. Burns, 96 S.Ct. 2673; 427 U.S. 347, (1976).
Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on the government.

Jordan v. Jackson, 15 F.3d 333, 346 (4th Cir. 1994)
"We recognize that the forced separation of parent from child, even for a short time, represents a serious infringement upon both the parents' and child's rights."
https://casetext.com/case/jordan-by-jordan-v-jackson ;

"The due process clause of the Fourteenth Amendment prohibits the government from interfering in the familial relationship unless the government adheres to the requirements of procedural and substantive due process."
https://supreme.justia.com/cases/federal/us/405/438/ ;

Griswold v. Connecticut, 381 U.S. 479, (1965)
The Constitution also protects "the individual interest in avoiding disclosure of personal matters." Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care, company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages.

https://supreme.justia.com/cases/federal/us/381/479/ ;

POE ET AL. v. ULLMAN, STATE'S ATTORNEY 367 U.S. 497 (1961)
"Precisely what is involved here is this: the State is asserting the right to enforce its moral judgment by intruding upon the most intimate details of the marital relation with the full power of the criminal law.

Renaud v. Renaud 721 A.2d 463, 465-66 (Vt. 1998).
Across the country, the great weight of authority holds that conduct by one parent that tends to alienate the child's affections from the other is so inimical to the child's welfare as to be grounds for a denial of custody to, or a change of custody from, the parent guilty of such conduct. See generally Annotation, Alienation of Child's Affections as Affecting Custody Award, 32 A.L.R.2d 1005 (1953) (collecting cases).

See also: **Title 28 USC 2241:** Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
(b)The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.
(c)The writ of habeas corpus shall not extend to a prisoner unless—
(1)He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2)He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3)**He is in custody in violation of the Constitution or laws or treaties of the United States;**

## I want to remind this court that Unconstitutional Statutes do not supersede US Constitutional Rights.

Trezevant v CITY OF TAMPA:741 F2d 336 (11th Cir. 1984) Unlawful Detainment $25,000.00 for every 23 minutes. Unlawful Detainment of T.C. from my custody without Due Process or evidence of a crime. 12 years and counting of unlawful detainment.

Under Duress,

*[signature]*

Randall S. Collier
26 Joslin Rd
Surry. NH
03431
603 803 2648